**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

ISMAEL ORTIZ,

           Plaintiff,

-vs-                                            Case No.   2:06-cv-322-FtM-34DNF

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.
_____

## ORDER

**THIS CAUSE** is before the Court on Magistrate Judge Douglas N. Frazier's Report and Recommendation (Dkt. No. 12; Report and Recommendation), entered July 19, 2007, recommending that the Commissioner of Social Security's (the Commissioner's) decision be affirmed. Plaintiff filed objections to the Report and Recommendation on August 2, 2007. See Plaintiff, Ismael Ortiz's, Objections to Report and Recommendation (Dkt. No. 13; Objections). On August 28, 2007, the Court entered an Order (Dkt. No. 14) directing Defendant to file a response to the Objections on or before September 17, 2007. Accordingly, Defendant filed a response to the Objections on August 31, 2007. See Commissioner's Response to Plaintiff's Objections to Report and Recommendation (Dkt. No. 15; Response).[1]

---

[1] The Court notes that while the Commissioner filed the Response after being directed to do so, it opted not to address any of Plaintiff's substantive arguments and urged the Court to apply an incorrect standard of review. See Response at 1 (directing the Court to apply Rule 72(a), Federal Rules of Civil Procedure (Rule(s)), rather than the correct applicable standard contained in Rule 72(b)). Thus, the Response was of little assistance to the Court.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If specific objections to findings of facts are timely filed, the district court will conduct a de novo review of those facts. Id.; LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir. 1988).

The Commissioner's final decision may be reviewed by a district court pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). It is well established, however, that review is limited to "whether there is substantial evidence to support the findings of the Commissioner, and whether the correct legal standards were applied." Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002) (per curiam); see also Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam); Ellison v. Barnhart, 355 F.3d 1272, 1275 (11th Cir. 2003) (per curiam). Review does not include "deciding the facts anew, making credibility determinations, or re-weighing the evidence." Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam); see also Dyer, 395 F.3d at 1210.

Upon de novo review, the Court will overrule the objections and adopt the legal and factual conclusions recommended by the Magistrate Judge. However, before doing so, the Court will address Plaintiff's objection to the Magistrate Judge's finding that the ALJ followed the Eleventh Circuit's pain standard. See Objections at 2. Plaintiff contends that the ALJ never articulated or applied the pain standard and his credibility determination is not supported by substantial evidence in the record. See id. The Court notes that, while the ALJ did not quote the Eleventh Circuit pain standard, he was not required to do so as long as it is clear that he applied it. See Wilson, 284 F.3d at 1225-26. Moreover, Plaintiff ignores the fact that in his discussion, the ALJ specifically cited 20 C.F.R. § 404.1529. See See

Transcript (Dkt. No. 6; Tr.) at 15.  The Eleventh Circuit has acknowledged that this section "contains the same language regarding the subjective pain testimony that [the] Court interpreted when initially establishing its three-part pain standard." Wilson, 284 F.3d at 1226.  The ALJ also acknowledged Social Security Ruling (SSR) 96-7p which addresses "Assessing the Credibility of an Individual's Statements." See Tr. at 15; SSR 96-7p.

Moreover, a review of the ALJ's discussion in addition to his citation of § 404.1529 and SSR 96-7p establishes that he applied the Eleventh Circuit pain standard.  See Wilson, 284 F.3d at 1226 ("In citing to § 404.1529 and based upon the findings and discussion, it is clear that the ALJ applied this Circuit's pain standard.") The first part of the pain standard was satisfied given the ALJ's consideration of the evidence and his conclusion that Plaintiff suffered from an underlying condition, namely, back problems.  See Tr. at 14.  It is also apparent that the ALJ analyzed the second and third prongs of the pain standard.  Indeed, the ALJ acknowledged that he must "consider all symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the medical evidence and other evidence based on the requirements of 20 C.F.R. § 404.1529 and Social Security Ruling 96-7p." Tr. at 15.  He then determined that Plaintiff's allegations of disabling pain were inconsistent with "the record as a whole," particularly his testimony regarding his daily activities.  See id. at 16.  In addition to summarizing Plaintiff's testimony regarding his daily activities, the ALJ noted that Plaintiff does not take prescription medication for pain relief from his back condition, see id. at 16, and, in January of 2003, Plaintiff's physical therapist observed that, while Plaintiff continued to complain that he was experiencing pain, his lumbar mobility and strength were generally good, see id. at 15.

Moreover, the Court finds that substantial evidence supports the ALJ's finding that Plaintiff's allegations of disabling pain were not completely credible or consistent with the record as a whole.  Plaintiff testified that he vacuums, does laundry, washes dishes, goes for walks, swims when the water is not cold, goes fishing, and watches sports.  See id. at 384-87.  Plaintiff told James M. Cullen, PhD, PT, his physical therapist from June 12, 2002, to January 10, 2003, that he was "very active" with his children.  See id. at 129.  In addition, during the course of Plaintiff's physical therapy, James M. Cullen, PhD, PT, noted the following: (1) Plaintiff's flexibility, strength, and endurance were improving, see id. at 126, 128;  (2) Plaintiff was swimming at the YMCA for 45 minutes to 1 hour, see id. at 128; (3) Plaintiff was "working hard and making consistent gains in function and pain management", see id. at 127; and (4) prior to being discharged from physical therapy, Plaintiff was able to work on the Cybex back extension machine against 150 pounds of resistance, chest press 100 pounds, and use the StairMaster for 10 minutes, see id. at 126. Dr. Kalyani Ganesh, observed, during a December 16, 2003, orthopedic evaluation, that Plaintiff had no trigger points or muscle atrophy, did not require assistance changing for the examination or getting on or off the examination table, and did not use an assistive device. See id. at 131-32.  Plaintiff also informed Dr. Ganesh that he cooks approximately three to five times a week, cleans a couple times a week, does laundry three to five times a week, shops once or twice a week, participates in childcare, and showers, bathes, and dresses himself.  See id. at 131.  Dr. Daniel L. Boje, a chiropractor who treated Plaintiff from March 4, 2004, to May 11, 2004, noted, after a majority of Plaintiff's office visits, that Plaintiff's condition had improved since his prior visit.  See id. at 263-69.  Dr. Boje also recorded,

following what appears to have been Plaintiff's last visit, that Plaintiff had responded favorably to his treatment and that his prognosis was fair. See id. at 267.

Plaintiff contends that the ALJ, in making his credibility finding, failed to consider, cite, or analyze Plaintiff's medical records from Drs. David Farber, David Y. Eng, and Ralph Ortiz and the results from Plaintiff's May 2004 and March 2005 MRIs. See Objections at 2-3. However, an ALJ is not required to discuss every piece of evidence in the record. See Ogranaja v. Commissioner of Social Security, 186 Fed. Appx. 848, 851 (11th Cir. 2006) (finding that an ALJ is not required to specifically refer to each item of evidence in the record as long as the decision is sufficient to allow the court to conclude that the ALJ considered the claimant's medical condition in its entirety); McCray v. Massanari, 175 F.Supp. 2d 1329, 1336 (M.D. Ala. 2001) (stating that an ALJ is not required to discuss each item of evidence submitted and an ALJ's failure to discuss a particular item of evidence does not indicate that such evidence was not considered).

Moreover, in the instant case, the record does not support Plaintiff's assertion that the ALJ did not consider the entire record in finding that Plaintiff was not disabled within the meaning of the Social Security Act. Indeed, at the hearing, the ALJ noted that he would be reviewing the entire record "one last time" before entering his decision. See Tr. at 380. The ALJ also stated, in his decision, that he had reviewed "all of the evidence of record." See id. at 13. In addition, upon an independent review of Plaintiff's medical records from Drs. Farber, Eng, and Ortiz, see id. at 120-24, 141-43, 292-98, the Court finds that these medical records do not appear to be inconsistent with the ALJ's finding that Plaintiff is able to perform a significant range of light work. See also Memorandum in Support of the

Commissioner's Decision (Dkt. No. 11) at 6-7. While the ALJ did not specifically mention Plaintiff's May 2004 and March 2005 MRIs, he did discuss Plaintiff's two previous MRIs, including his October 2003 MRI. See Tr. 15; see also 100-02, 112-13. Notably, Plaintiff's May 2004 and March 2005 MRIs are consistent with Plaintiff's October 2003 MRI. See Tr. 112-13, 144, 146.[2] Accordingly, the Court declines to find that the ALJ committed reversible error by failing to explicitly discuss Plaintiff's medical records from Drs. Farber, Eng, and Ortiz and the results from Plaintiff's May 2004 and March 2005 MRIs. A review of the record establishes that substantial evidence supports the ALJ's conclusions.

In light of the foregoing, it is hereby **ORDERED**:

1. Plaintiff, Ismael Ortiz's, Objections to Report and Recommendation (Dkt. No. 13) are **OVERRULED**.

2. The Magistrate Judge's Report and Recommendation (Dkt. No. 12) is **ADOPTED** as the opinion of the Court.

3. The Clerk of the Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) **AFFIRMING** the Commissioner's decision and to close the file.

**DONE AND ORDERED** in Fort Myers, Florida, on September 28, 2007.

**MARCIA MORALES HOWARD**
United States District Judge

---

[2] Plaintiff correctly notes that the ALJ incorrectly stated that Plaintiff has no evidence of nerve root compression or stenosis. See Objections at 2. Nevertheless, the Court declines to find that the ALJ's decision is due to be reversed on this basis as the Court finds that substantial evidence supports the ALJ's credibility finding.

lc3

Copies to:

The Honorable Douglas N. Frazier
United States Magistrate Judge

Counsel of Record